Hall, Judge,
 

 — If such a construction had, or could have been given to the act of 1788,
 
 {Mev.
 
 eft. 284) made for the suppression of gaming^ that no title would have accrued to money or property won at any game, whether the same was delivered and paid or not, I think the ruinous effects of gaming would have been more radically prevented, if money won and paid could he recovered back, a successful gamester would hold it by too doubtful a tenure to risk as much to get possession of it, as he would, when' iie knows that possession makes it bis own. Considerations of this sort however, belong to the Legislature, because judicial decisions have given the act a different construction. The law may be taken as settled, that money won and paid, cannot be recovered back.
 

 The case before the Courtis not one, in which a Court of Equity is called upon to cause bonds to be delivered up, which, were given upon a gaming consideration, bat to enjoin the Defendants from further proceedings upon judgments obtained at law, upon bonds admitted to have been thus given, when no resistance was made at law to prevent the judgments from being obtained.
 

 If the judgments were paid off, it would be the common case of money paid on a gambling consideration, which could not either at law or la equity, be recovered back.
 

 
 *324
 
 At law, the rights of the Defendants under the judgments are perfect. They can take out executions, and possess tlieinselves of the money through the ministerial agency of the Sheriff. Possession of the money may make them more secure in the enjoyment of it, but it gives them no better right to it than the judgments do $ therefore a Court of Equity will not sooner interfere, where judgment has been obtained upon a bond given upon a gaming consideration, where no attempt has been made to prevent it, than it will where money has been won and paid over.
 

 There is much complaint of fraud and circumvention in the bill, and did it appear that the judgments were obtained through the instrumentality of these means, a ground might be furnished on which to support the injunction. But that does not appear to be the case. They were obtained
 
 not
 
 against Plaintiff’s consent. His opposition has arisen since) but I think it cannot avail him, nor prevent a dismission of his bill.
 

 Per Curiam.
 

 — Let the bill be dismissed.